CATHARINE MORRISON *vs.* FREDERICK W. LARRISON.

New Castle County, February Term, 1894.

**Gift. Contract.**—One who has made a gift of money to another or who has advanced money upon the consideration of being furnished a home in the house of the donee during the life of the donor, cannot afterwards change the terms of the gift or contract without the consent of the other party.

This was an action of assumpsit for money lent. The facts appear in the charge to the jury.

*Hoffecker* and *Hoffecker*, for plaintiff.

*P. L. Cooper, Jr.*, for defendant.

LORE, C. J. (charging the jury.)
This is an action on the case brought by Catharine Morrison against Frederick W. Larrison, the defendant, to recover, as she alleges, one thousand dollars with interest, less certain credits, money by her loaned to the defendant, Frederick W. Larrison.

It is claimed by the plaintiff that it was a loan from her to the defendant at five per cent. interest. It is claimed on the other hand by the defendant that it was not a loan; that the money passed to him from the plaintiff upon the terms that she should be furnished a home in his house during her life.

If that was the contract and he has kept that contract then she would not be entitled to recover, but even if that were the contract and he has not kept it on his part she would be entitled to recover.

If, on the other hand, it was a loan of money by the plaintiff to the defendant, then she would be entitled to recover the amount loaned, with interest.

There is no new law in this case, and there is no dispute about the law; it is a question of fact for you to determine, whether the money passed to the defendant under the terms stated—that is, that he was to furnish a home for her during her lifetime—and whether

that contract was complied with, that is, whether he continues to furnish a home for her, or whether it was an actual loan. All the facts are before you and it is for you to say from the facts whether the plaintiff is entitled to recover or not.

If it be a gift outright, she cannot change that afterwards. Persons cannot after having made a gift or a contract, change it, without the consent of the other party.

It comes down, gentlemen, simply to a question of fact—whether this was a loan, or whether it was a contract and whether it was complied with or not.

*February 21, 1894.*

The jury retired at 2.53 P. M., and at 7.30 P. M. returned to the court-room, asking instructions from the Court, for the benefit of some of the jurors, as to the matter of the note which it had been testified was offered by the defendant to the plaintiff at the time of the demand made by the plaintiff for a mortgage, the inquiry being whether or not they should consider that fact in evidence in making up their verdict.

After consulting with counsel (not in the presence of the jury) and with their consent that a reply should be made to the inquiry, the court gave to the jury the further instructions, as follows:

We understand your question to be whether or not you are to take into consideration the evidence given in respect to the note.

We say to you that you are to take into consideration that and all the testimony—not that alone—and you are to give that testimony such weight as you think it is entitled to in making up your verdict. But all the testimony is to be considered by you, and from that testimony you are to make up your verdict.

To this instruction of the Court, *P. L. Cooper, Jr.*, for defendant, asked the Court to note an exception, which was accordingly done.

*Verdict for plaintiff for $986.87.*